

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed October 21, 2025

_____
United States Bankruptcy Judge

_____


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OMNICARE, LLC, *et al.*,[1] | ) | Case No. 25-80486 (SGJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Related to Docket No. 133 |

### ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS AND (II) GRANTING RELATED RELIEF

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 111 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare. The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (the "**Order**"), (i) approving the Compensation Procedures to establish a process for the interim allowance and payment of compensation and reimbursement of expenses incurred by Professionals, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals may seek interim compensation in accordance with the following procedures:

    a) On or after the tenth day of each month following the month for which compensation is sought, each Professional may file with the Court a monthly fee statement for services rendered and expenses incurred in connection with services performed during the preceding month (the "**Monthly Fee Statement**") and serve such Monthly Fee Statement via email on the following parties (each a "**Notice Party**", and collectively the "**Notice Parties**"): (i) the Debtors, Attn: Matthew Frank (mfrank@alvarezandmarsal.com); (ii) proposed co-counsel to the Debtors:

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion or in the First Day Declaration, as applicable.

2

        Jenner & Block LLP, c/o Vincent E. Lazar (vlazar@jenner.com), Derek L. Wright (dwright@jenner.com), Angela M. Allen (aallen@jenner.com), and Haynes and Boone, LLP, c/o Ian T. Peck (ian.peck@haynesboone.com) and Martha Wyrick (martha.wyrick@haynesboone.com); (iii) attorneys for the DIP Lender, Norton Rose Fulbright US LLP, c/o Robert M. Hirsh (robert.hirsh@nortonrosefulbright.com), Kristian W. Gluck (kristian.gluck@nortonrosefulbright.com), and James A. Copeland (james.copeland@nortonrosefulbright.com); (iv) the Office of the United States Trustee, c/o Anna Haugen (anna.haugen@usdoj.gov); and (v) proposed counsel to the Official Committee of Unsecured Creditors: Herbert Smith Freehills Kramer (US) LLP, c/o Adam Rogoff (adam.rogoff@hsfkramer.com), Rachael Ringer (rachael.ringer@hsfkramer.com), Megan Wasson (megan.wasson@hsfkramer.com), Andrew Citron (andrew.citron@hsfkramer.com). Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently file a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

b)     Each Notice Party shall have until 4:00 p.m. (prevailing Central Time) on the fourteenth day after service of a Monthly Fee Statement (the "**Objection Deadline**") to object to the requested fees and/or expenses in accordance with subparagraph (c) below. At the expiration of the Objection Deadline, if no objection is made to the Monthly Fee Statement, a Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to the unopposed portion of the fees and/or expenses requested in the applicable Monthly Fee Statement. After the filing of a CNO, the Debtors are authorized and directed to pay the Professional an amount equal to eighty percent (80%) of the fees and one hundred (100%) of the expenses requested in the Professional's Monthly Fee Statement. If an objection is properly filed pursuant to subparagraph (c) below, the Debtors shall be authorized and directed to pay the Professional an amount equal to eighty percent (80%) of the fees and one hundred (100%) of the expenses not subject to an objection.

c)     In the event any of the Notice Parties has an objection to a particular Monthly Fee Statement, such objecting party shall, prior to the Objection Deadline, serve upon the respective Professional and each of the other Notice Parties a written notice of the objection (the "**Objection Notice**"), setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional to whose Monthly Fee Statement an objection has been served shall attempt to resolve the objection consensually.  If the parties reach an agreement, upon notice to the Notice Parties, the Debtors shall promptly pay eighty percent (80%) of the agreed-upon fees and one hundred percent (100%) of the agreed upon expenses. If, however, the parties are unable to reach a resolution after service of the Objection Notice, the objecting party shall file its objection (the "**Monthly Fee Objection**") with the Court and serve the Monthly Fee Objection on the respective Professional and the Notice Parties. Thereafter, the Professional may either (i) file a response to the Monthly Fee Objection with the Court, together with a request for payment of the difference, if any, between the interim amount previously paid and

the full amount requested in the Monthly Fee Statement, or (ii) forego payment of the monthly amount until the next interim or final fee application hearing, at which time the Court will consider the Monthly Fee Objection.

d) Each Professional may file and serve its first Monthly Fee Statement after the entry of this Order. The initial Monthly Fee Statement shall cover the period from the Petition Date, September 22, 2025, through and including October 31, 2025. Thereafter, the Professionals may submit Monthly Fee Statements in the manner described above.

e) Beginning with the period ending on December 31, 2025, and at three-month intervals thereafter (each, an "**Interim Fee Period**"), each of the Professionals which has filed a Monthly Fee Statement for all or part of a given Interim Fee Period shall file with the Court and serve on the Notice Parties an interim application for compensation for the amounts included in the Monthly Fee Statements for the Interim Fee Period (the "**Interim Fee Application**"). Each Interim Fee Application shall be filed no later than forty-five (45) days (or the next business day if such date is not a business day) after the end of the applicable Interim Fee Period (the "**Interim Fee Application Deadline**"). The first Interim Fee Application Deadline shall be February 15, 2026, and the First Interim Fee Application shall cover the Interim Fee Period from the Petition Date to and including December 31, 2025. Objections to any Interim Fee Application (the "**Interim Fee Objection**" and together with the Monthly Fee Objection, an "**Objection**") shall be filed and served upon the affected Professional and the Notice Parties so as to be received no later than twenty-one days, or the next business day if such day is not a business day, following service of the applicable Interim Fee Application.

f) The Debtors shall request that the Court schedule a hearing on the Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. This Court, in its discretion, may approve an uncontested Interim Fee Application without a hearing if no Interim Fee Objections are timely filed. Upon allowance by the Court of an Interim Fee Application, the Debtor shall be authorized to pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

g) The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses under these Compensation Procedures.

h) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection shall bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals under the Compensation Procedures are subject to final allowance and disgorgement by the Court.

3. Fee Applications shall be served on the Notice Parties and the notice of hearing on any Fee Applications shall be served on all parties on the Complex Service List.

4. Each member of the Official Committee of Unsecured Creditors (the "**Committee**") is permitted to submit statements of expenses incurred in the performance of the duties of the Committee (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to Committee's counsel, which counsel will collect and file the Committee members' requests for reimbursement with this Court in accordance with the procedures set forth herein. For the avoidance of doubt, all such fees and expenses of Committee members are subject to approval, allocation, and allowance by the Court.

5. Notwithstanding anything to the contrary herein, nothing in this Order authorizes the use of cash collateral or debtor-in-possession financing. Any payments authorized to be made pursuant to the Motion shall be made only to the extent authorized under the cash collateral and debtor-in-possession financing order approved by the Court in effect as of the time such payment is to be made (together with any approved budgets in connection therewith, the "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken under the Compensation Procedures, the terms of the DIP Order shall control.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

8. Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### # # #  END OF ORDER  # # #

**Order submitted by:**

Charles A. Beckham, Jr. (TX #02016600)
Ian T. Peck (TX #24013306)
Martha Wyrick (TX #24101606)
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Email:   charles.beckham@haynesboone.com
            ian.peck@haynesboone.com
            martha.wyrick@haynesboone.com

Vincent E. Lazar (admitted *pro hac vice*)
Derek L. Wright (admitted *pro hac vice*)
Angela M. Allen (admitted *pro hac vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 923-2952
Facsimile: (312) 527-0484
Email:   vlazar@jenner.com
            dwright@jenner.com
            aallen@jenner.com

*Proposed Counsel to the Debtors and Debtors in Possession*

7