

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed November 3, 2025

_____
United States Bankruptcy Judge

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| OMNICARE, LLC, *et al.*,[1] | ) Case No. 25-80486 (SGJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Related to Docket No. 134 |

**ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF**
**<u>PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS</u>**

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 111 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare. The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

1

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (the "**Order**") authorizing the Debtors (a) to retain the Ordinary Course Professionals without the necessity of a separate, formal retention application for each Ordinary Course Professional, and (b) to pay each Ordinary Course Professional for post-petition services rendered and expenses incurred, subject to certain limits set forth below, without the necessity of additional court approval, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Subject to the procedures herein, the Debtors are authorized, but not directed, to employ and retain the ordinary course professionals listed on the attached hereto as **Exhibit 1** (the "**Initial Ordinary Course Professionals**" and the Additional Ordinary Course Professionals as defined below, the "**Ordinary Course Professionals**"), without the need to file individual retention applications and obtain retention orders for each such Ordinary Course Professional.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion or in the First Day Declaration, as applicable.

Such authorization is effective as of the Petition Date or the applicable date of engagement.

3. The following procedures (the "**OCP Procedures**") for the retention and compensation of Ordinary Course Professionals are hereby approved:

   a. Within seven days after the date of entry of this Order, the Debtors shall serve this Order upon each Initial Ordinary Course Professional. Thereafter, no later than 30 days after the date of entry of this Order, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel, for filing with the Court and service upon (i) counsel to the DIP Lender, (ii) the U.S. Trustee, and (iii) counsel to the Unsecured Secured Creditors' Committee (the "**Committee**") (collectively, the "**Notice Parties**"), a declaration pursuant to section 1746 of title 28 of the United States Code, substantially in the form attached hereto as **Exhibit 2** (the "**Declaration**").

   b. The Notice Parties shall have 14 days after the later of (i) the entry of this Order or (ii) the service of any Declaration (the "**Objection Deadline**") to object to the retention of any Ordinary Course Professional. Any such objections shall be filed with the Court and served upon the Debtors, the Debtors' counsel, the Notice Parties, and the Ordinary Course Professional subject to such objection by the Objection Deadline. If any objection cannot be resolved or withdrawn within 14 days after service (or on such earlier date as determined by the Debtors in their discretion), upon motion by the Debtors, such objection shall be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.

   c. If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of engagement.

   d. The Debtors shall not pay any fees or expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless (i) the Ordinary Course Professional has submitted its Declaration and such Declaration has been filed with the Court and served on the Notice Parties; (ii) the Objection Deadline has expired; and (iii) no timely objection is pending. If a timely objection is received, no payment shall be made until such objection is either resolved or withdrawn or otherwise overruled by the Court.

   e. The Debtors shall pay such Ordinary Course Professional 100% of the fees charged and expenses incurred by each of the Ordinary Course Professionals retained by the Debtors, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred, and, upon reasonable request by the Committee, a copy of which invoice shall be provided to the Committee which may include redactions

    as necessary to preserve attorney-client privilege; *provided, however*, that each of the Initial Ordinary Course Professionals' fees, excluding costs and disbursements, may not exceed $50,000 per month on average over any three-month period on a rolling basis while the Chapter 11 Cases are pending, except as otherwise ordered by the Court (the "**Monthly Fee Cap**"); *provided further that*, the Monthly Fee Cap shall not apply to Ordinary Course Professionals paid on a contingency fee basis or by insurance.  The Monthly Fee Cap may be increased by mutual agreement between the Debtors, the U.S. Trustee, and the Committee, *provided that* if the Debtors, the U.S. Trustee, and the Committee cannot reach a mutual agreement, the Debtors' rights to seek Court approval of the increase are fully preserved; *provided further that* the Debtors shall file and submit a notice of any such agreed increase to the Notice Parties.

 f. If fees payable to any Ordinary Course Professional exceed the Monthly Fee Cap, including as such Monthly Fee Cap may be increased as set forth in paragraph e above (the "**Excess Fees**"), the applicable Ordinary Course Professional shall (i) file a retention application under section 327 of the Bankruptcy Code and (ii) request compensation pursuant to the terms of their respective retention order, the Interim Compensation Order,[3] the Bankruptcy Code, the Bankruptcy Rules, and any local rules.

 g. Within 30 days after the end of, and with respect to, each full three month period after entry of this Order (including any initial partial month in the first period), the Debtors shall file with this Court, and serve upon the Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; and (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period. The obligation to file summary statements shall terminate upon confirmation of a plan in these Chapter 11 Cases.

 h. The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain additional Ordinary Course Professionals not listed on **Exhibit 1** (the "**Additional Ordinary Course Professionals**") by (i) filing with the Court and serving on the Notice Parties, a supplement to Exhibit 1, listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered (the "**Supplement**"), (ii) serving a copy of the Supplement on the Notice Parties, and (iii) otherwise complying with the terms of this Order. Such authorization is effective retroactive to the date of filing the Supplement or the applicable date of engagement. Each Additional Ordinary Course Professional shall file a Declaration within 30 days of the filing of such Supplement.

---

[3] "**Interim Compensation Order**" means the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Case Professionals and (II) Granting Related Relief* [Docket No. 176].

4

4.      To the extent that any preexisting agreement between the Debtors and an Ordinary Course Professional provides for the indemnification by the Debtors of such Ordinary Course Professional in connection with the services that are the subject of this Order (each such agreement, an "**Ordinary Course Professional Agreement**"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of these Chapter 11 Cases:

    a.    The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Ordinary Course Professional Agreement for services other than the services provided under the Ordinary Course Professional Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by this Court.

    b.    Notwithstanding anything to the contrary in the Ordinary Course Professional Agreement, the Debtors shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Ordinary Course Professional's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable),bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the Ordinary Course Professional's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which this Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the Ordinary Course Professional Agreement as modified by this Court.

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Ordinary Course Professional Agreement (as modified by the provisions herein), including the advancement of defense costs, the Ordinary Course Professional must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Ordinary Course Professional before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement. In the event that the Ordinary Course Professional seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim

pursuant to the Ordinary Course Professional Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by this Court after notice and a hearing.

5. Notwithstanding anything to the contrary, nothing in this Order shall permit the Debtors to satisfy any indemnity obligations arising prior to the Petition Date without a further order of this Court.

6. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors', the Committee's, or any party in interest's rights to dispute any claim or interest on any grounds; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors', the Committee's, or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) an implication or admission that any particular claim is of a type specified or defined in this order or any other order granting the relief requested in this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (f) an approval to assume, adopt, or reject any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. Any payment made pursuant to this order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors', or the Committee's, rights to subsequently dispute such claim.

7. This Order shall not apply to any professional retained by the Debtors under a separate order of this Court.

8. The terms and conditions of this Order shall be effective immediately and

6

enforceable upon its entry.

9. Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### END OF ORDER ###

**Order submitted by:**

Charles A. Beckham, Jr. (TX #02016600)
Ian T. Peck (TX #24013306)
Martha Wyrick (TX #24101606)
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street
Suite 2300
Dallas, TX 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Email:   charles.beckham@haynesboone.com
         ian.peck@haynesboone.com
         martha.wyrick@haynesboone.com

Vincent E. Lazar (admitted *pro hac vice*)
Derek L. Wright (admitted *pro hac vice*)
Angela M. Allen (admitted *pro hac vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 923-2952
Facsimile: (312) 527-0484
Email:   vlazar@jenner.com
         dwright@jenner.com
         aallen@jenner.com

*Counsel to the Debtors and
Debtors in Possession*

8

# EXHIBIT 1

## List of Ordinary Course Professionals

| Professional | Type of Services Provided |
|---|---|
| Allen Flores Cons. Group | Consulting services |
| Alston & Bird LLP | Legal counsel (litigation) |
| Ballard Spahr | Legal counsel (collections) |
| Bluegrass & Associates | Professional services firm |
| Carpenter, McCadden & Lane, LLP | Legal counsel (risk management)[1] |
| Cipriani & Werner, P.C. | Legal counsel (risk management) |
| Cooch and Taylor PA | Legal counsel (collections) |
| Cooper & Scully | Legal counsel (litigation) |
| Cullen & Dykman LLP | Legal counsel (risk management) |
| Davids and Cohen | Legal counsel (risk management) |
| Deloitte Consulting | Management consulting services |
| Donohue Brown Smyth LLC | Legal counsel (litigation) |
| Ensafe | Environmental consulting |
| Ernst & Young | Professional services firm |
| Etq Management Consultants | Management consulting |
| Gardner Resources Consulting | Human resources consulting |
| Green & Norwood PLLC | Legal counsel (litigation) |
| Greenburg Traurig, LLP | Legal counsel (litigation) |
| Hanna, Brophy, MacLean, McAleer & Jensen, LLP | Legal counsel (risk management) |
| Hansen, McClintock & Riley | Legal counsel (risk management) |
| Hinckley Allen & Snyder | Legal counsel (general) |
| Hoffman Kelley LLP | Legal counsel (risk management) |

---

[1] Legal counsel (risk management) generally includes law firms that advise the Debtors regarding personal injury litigation, workers' compensation litigation, and pre-suit demands and claims. These law firms are generally paid by insurance.

| Professional | Type of Services Provided |
|---|---|
| J. J. Keller & Associates | Regulatory compliance services |
| Jackson Lewis PC | Legal counsel (labor and employment) |
| John Michael Associates | Business consulting |
| Kean Miller, LLP | Legal counsel (risk management) |
| Kuper, Block & Paumer P.C.L.L.O. | Legal counsel (risk management) |
| Lafollette, Johnson, DeHaas, Fesler & Ames | Legal counsel (risk management) |
| Lewis Brisbois Bisgaard & Smith LLP | Legal counsel (risk management) |
| Lewis Thomason, P.C. | Legal counsel (risk management) |
| Littler Mendelson P.C. | Legal counsel (labor and employment) |
| Martin, Magnuson, McCarthy & Kenney | Legal counsel (litigation) |
| McAngus, Goudelock & Courie | Legal counsel (risk management) |
| Michael Sullivan & Associates LLP | Legal counsel (risk management) |
| Morgan Brown & Joy | Legal counsel (labor and employment) |
| Morrison Mahoney LLP | Legal counsel (risk management) |
| Nixon Peabody LLP | Legal counsel (litigation) |
| Nyhan Bambrick Kinzie & Lowry PC | Legal counsel (risk management) |
| Ogletree Deakins Nash Smoak & Stewart | Legal counsel (general) |
| Optu Consulting | Consulting services |
| Park Guenthart | Legal counsel (risk management) |
| Pearlman, Brown & Wax, L.L.P. | Legal counsel (risk management) |
| Perez & Morris | Legal counsel (litigation) |
| Quarles & Brady | Legal counsel (regulatory and licensing) |
| Ready and Associates | Professional consulting services |
| Reminger Co., LPA | Legal counsel (litigation) |
| Riley Bennett Egloff LLP | Legal counsel (general) |
| Rupp Pfalzgraf LLC | Legal counsel (collections) |
| SCG Partners LLC | Business consulting |

| Professional | Type of Services Provided |
|---|---|
| Semmes Bowen & Semmes | Legal counsel (risk management) |
| Seyfarth Shaw LLP | Legal counsel (labor and employment) |
| Stantec Consulting Services | Engineering and consulting |
| UB Greensfelder (formerly Greensfelder Henker & Gale) | Legal counsel (collections) |
| Volakos Law Firm | Legal counsel (real estate) |
| Wb Engineers Consultants | Engineering consulting services |
| Weltman Weinberg & Reis LPA | Legal counsel (collections) |
| Wicker Smith O'Hara McCoy & Ford, PA AAL | Legal counsel (risk management) |
| Wilson Elser Moskowitz Edelman & Dicker | Legal counsel (litigation) |
| Wimbish Gentile McCray & Roeber PLLC | Legal counsel (litigation) |
| Wood Herron & Evans LLP | Legal counsel (patent and trademarks) |
| Zuckerman Spaeder | Legal counsel (litigation) |

## **EXHIBIT 2**

**Form of Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| OMNICARE, LLC, et al.,[1] | ) Case No. 25-80486 (SGJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF DISINTERESTEDNESS OF [DECLARANT], ON BEHALF OF
PROPOSED ORDINARY COURSE PROFESSIONAL [COMPANY NAME]**

I, [**Declarant**], pursuant to Section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my information, knowledge, and belief:

1. I am [**Title**] of [**Company Name**], located at [**Address**] (the "**Company**").

2. Omnicare, LLC and/or its affiliated debtors (collectively, the "**Debtors**") have requested that the Company provide [**Type of Services**] to the Debtors, namely [**Debtor for which services are being provided**], and the Company has consented to provide such services.

3. The Company may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in these Chapter 11 Cases. To the best of my knowledge, the Company does not perform services for any such person in connection with these Chapter 11 Cases. In addition, to the best of my knowledge, the Company does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed.

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 111 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare. The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

1

4.  Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

5.  The Company believes that the Debtors owe it [**$Amount**] for prepetition services.

6.  I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and as such, the Company may file a proof of claim.

7.  As of the Petition Date, the Company [**was/was not**] party to an agreement for indemnification with certain of the Debtors [**A copy of such agreement is attached hereto**.]

8.  [**If there is an indemnification agreement**]: Such agreement for indemnification (the "**OCP Agreement**") is subject to the following modifications, applicable during the Chapter 11 Cases:

    (a)  The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Ordinary Course Professional Agreement for services other than the services provided under the Ordinary Course Professional Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by this Court.

    (b)  Notwithstanding anything to the contrary in the Ordinary Course Professional Agreement, the Debtors shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Ordinary Course Professional's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable),bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the Ordinary Course Professional's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which this Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the Ordinary Course Professional Agreement as modified by this Court.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Ordinary Course Professional Agreement (as modified by the provisions herein), including the advancement of defense costs, the Ordinary Course Professional must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Ordinary Course Professional before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement. In the event that the Ordinary Course Professional seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Ordinary Course Professional Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by this Court after notice and a hearing.

9. At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

10. I, or a representative of the Company, have read and am familiar with the requirements of the *Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business*.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this [**Date**] in [**City, State**].

_____

[**Declarant**]