

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 18, 2026**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| OMNICARE, LLC, *et al.*,[1] | ) Case No. 25-80486 (SGJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Related to Docket No. 718 |

**ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY**

In accordance with the *Order (I) Authorizing Rejection of Certain Unexpired Leases of*

*Non-Residential Real Property, (II) Approving Procedures for Future Rejection of Additional*

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 110 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare.The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

*Unexpired Leases or Executory Contracts, and (III) Granting Related Relief* [Docket No. 177] (the "**Rejection Procedures Order**")[2]; and the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned Chapter 11 Cases (these, "**Chapter 11 Cases**") having served the *Notice of Rejection of Certain Executory Contracts and Unexpired Leases* (the "**Notice**") [Docket No. 718] regarding the rejection of certain unexpired leases identified in **Exhibit 1** annexed hereto; and this Court having jurisdiction over this matter under 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Notice in this district being proper under 28 U.S.C. §§ 1408 and 1409; and no timely objections having been filed to the rejection of the leases; and this Court having found that due and sufficient notice of the Rejection Procedures Order and the Notice has been given, and that no other or further notice need be provided; and this Court having determined that the rejections provided for herein are an appropriate exercise of the Debtors' business judgment; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Leases identified in **Exhibit 1** attached hereto are hereby rejected under section 365(a) of the Bankruptcy Code, effective as of the Rejection Date set forth in **Exhibit 1**.

2.     Counterparties to the Leases that are rejected under this Order must file a proof of claim relating to the rejection of such Leases, if any, by the later of (a) any applicable claims bar date established in these Chapter 11 Cases, or (b) 30 days after entry of this Order.

3.     The Debtors are authorized, but not directed, to abandon Personal Property, if any, remaining at the Leased Premises that the Debtors determine, in their sole discretion, to be of

---

[2] Undefined capitalized terms have the meanings provided in the Rejection Procedures Order.

negligible value to the Debtors' estate and which is no longer needed for operating the Debtors'

business. The Debtors shall make prompt arrangements to remove from the Leased Premises any

Personal Property that is not abandoned.

4. The automatic stay is modified to the extent necessary to permit the relevant Lease

Parties to dispose of the Personal Property and enter into new agreements with third parties without

further notice; *provided that,* the foregoing is without any liability to the Debtors or any third

parties.

5. Nothing in this Order is intended to waive the rights of any Lease Parties to assert

any claim, pursuant to, among other things, sections 365 or 503 of the Bankruptcy Code, for any

costs or expenses that they may incur in relation to any sale or abandonment of any property at

their premises, with the Debtors likewise not waiving any defenses.

6. Nothing contained herein shall prejudice the rights of the Debtors to seek

authorization for the use, sale, or transfer of any asset under section 363 of the Bankruptcy Code.

7. Nothing in this Order shall limit the Debtors' ability to subsequently assert that any

particular executory contract or lease is terminated and is no longer an executory contract or

expired lease, respectively.

8. Notwithstanding the relief granted in this Order and any actions taken pursuant to

such relief, nothing in this Order shall be deemed (a) an admission as to the validity of any claim

against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the

amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy

law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party

in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or

granting of approval for assumption of any agreement, contract, program, policy, or lease under

3

section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) other than as set forth in the Notice, herein, and in **Exhibit 1** attached to this Order, a request or authorization to assume, adopt, or reject any agreement, contract, or lease under section 365 of the Bankruptcy Code.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     If the Debtors have deposited funds with a Lease Party to any of the Leases, any such Lease Party may not set off such deposits without prior authority of the Court or written agreement of the Debtors (with email consent from counsel to the Debtors deemed sufficient).

11.     The Debtors are not required to comply with any termination procedures set forth in the Leases, or any documents related thereto, and are relieved of any and all payments or performance obligations due under the Leases incurred after the Petition Date.

12.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # END OF ORDER # # #**

Order Submitted by:

**HAYNES AND BOONE, LLP**

Charles A. Beckham, Jr. (TX #02016600)
Ian T. Peck (TX #24013306)
Martha Wyrick (TX #24101606)
2801 N. Harwood Street, Ste. 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
charles.beckham@haynesboone.com
ian.peck@haynesboone.com
martha.wyrick@haynesboone.com

**JENNER & BLOCK LLP**

Vincent E. Lazar (admitted *pro hac vice*)
Derek L. Wright (admitted *pro hac vice*)
Angela M. Allen (admitted *pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
vlazar@jenner.com
dwright@jenner.com
aallen@jenner.com

*Counsel to the Debtors and Debtors in Possession*

**Exhibit 1**

**Unexpired Non-Residential Real Property Leases to Be Rejected as of the Rejection Date**

| Address of Subject Property | Landlord Name and Address | Rejection Date | Description of Abandoned Property |
|---|---|---|---|
| 120 Lou Ann Drive<br>Herrin, IL 62948 | COHO Partnership<br>212 East Madison<br>Herrin, IL, 62948 | 3/31/2026 | Non-proprietary furniture, fixtures, and equipment will be left behind (tables, chairs, office cabinets, shelves) |
| 5601 Oberlin Drive<br>Suite 124<br>San Diego, CA 92121 | BRE-BMR Oberlin LP<br>Attn Entity 510<br>Po Box 511415<br>Los Angeles, CA 90051 | 3/31/2026 | Non-proprietary furniture, fixtures, and equipment will be left behind (tables, chairs, office cabinets, shelves) |