**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OMNICARE, LLC, *et al.*,[1] | ) | Case No. 25-80486 (SGJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SECOND INTERIM FEE APPLICATION OF KPMG LLP PROVIDING**
**TRANSACTION ADVISORY SERVICES TO THE DEBTORS FOR**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES INCURRED FOR THE PERIOD FROM**
**JANUARY 1, 2026 THROUGH AND INCLUDING MARCH 31, 2026**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txnb.uscourts.gov/ within twenty-one (21) days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no more than twenty-one (21) days after the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Name of Applicant:                          KPMG LLP

Authorized to Provide Professional
Services to:                                      Debtors and Debtors in Possession

Date of Retention:                           December 3, 2025, *effective as of*
                                                        November 6, 2025

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 110 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare. The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

Period for which compensation and reimbursement is sought: January 1, 2026 through and including March 31, 2026

Amount of Compensation sought as actual, reasonable, and necessary: $ 8,595.80

Amount of Expense Reimbursement sought as actual, reasonable, and necessary: $ 0.00

This is a: _____ Monthly ___X___ Interim _____ Final Application

**Prior Interim Applications Filed: First Interim Fee Application**

| | | | | | | | | Interim |
|---|---|---|---|---|---|---|---|---|
| Interim Period | Docket Number | Date Filed | Period Covered | Total Fees | Total Expenses | Total Requested | Interim Fees Approved | Interim Expenses Approved |
| 1st | 589 | 02/16/26 | 11/06/25 - 12/31/25 | $ 552,584.80 | $ 9,012.78 | $ 561,597.58 | $ 552,584.80 | $ 9,012.78 |
| **Total** | | | | **$ 552,584.80** | **$ 9,012.78** | **$ 561,597.58** | **$ 552,584.80** | **$ 9,012.78** |

## ATTACHMENT A
## TO FEE APPLICATION

### COMPENSATION BY PROFESSIONAL

| Professional Person | Position & Department | Total Hours Billed | Hourly Billing Rate | Total Compensation |
|---|---|---|---|---|
| Ana Simunovic | Senior Associate - Bankruptcy | 18.2 | $ 280 | $ 5,096.00 |
| Celeste Campbell | Manager - Bankruptcy | 0.9 | $ 336 | $ 302.40 |
| Teresa Williams | Associate - Bankruptcy | 12.9 | $ 242 | $ 3,121.80 |
| Wendy Shaffer | Associate Director - Bankruptcy | 0.2 | $ 378 | $ 75.60 |
| | | | | |
| **Total Hours and Fees** | | **32.2** | | **$ 8,595.80** |
| Out of Pocket Expenses | | | | $ - |
| **Total Fees & Out of Pocket Expenses** | | | | **$ 8,595.80** |
| | | | | |
| **Blended Rate** | | | **$ 266.95** | |

3

**ATTACHMENT A**
**TO FEE APPLICATION**
**(continued)**

**COMPENSATION BY PROJECT CATEGORY**

| Project Category | Total Hours Billed | Total Fees Requested |
|---|---|---|
| Transaction Advisory Services | 0.0 | $ - |
| Retention Services | 0.0 | $ - |
| Fee Application Preparation Services | 32.2 | $ 8,595.80 [1] |
| **Total** | **32.2** | **$ 8,595.80** |

[1] Fee Application Preparation is out of necessity performed subsequent to when core services are provided.

**EXPENSE SUMMARY**

| Service Description | Amount |
|---|---|
| Airfare | $ - |
| Lodging | $ - |
| Meals | $ - |
| Ground Transportation | $ - |
| Miscellaneous | $ - |
| **Total** | **$ -** |

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OMNICARE, LLC, *et al.*,[1] | ) | Case No. 25-80486 (SGJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SECOND INTERIM FEE APPLICATION OF KPMG LLP PROVIDING
TRANSACTION ADVISORY SERVICES TO THE DEBTORS FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED FOR THE PERIOD FROM
JANUARY 1, 2026 THROUGH AND INCLUDING MARCH 31, 2026**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**"), the Procedures for Complex Cases in the Northern District of Texas (the "**Complex Case Procedures**"), and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Case Professionals and (II) Granting Related Relief,* entered on October 21, 2025 [Docket No. 176] (the "**Interim Compensation Order**"), KPMG LLP ("**KPMG**"), providing transaction advisory services to Omnicare, LLC ("**Omnicare**") and its current debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby files its first interim fee application (this "**Application**") for entry of an order (the "**Order**"),

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 110 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare. The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

substantially in the form attached to this Application as **Exhibit A**, granting interim allowance of compensation for professional services to the Debtors during the period from January 1, 2026 through and including March 31, 2026 (the "**Interim Fee Period**") in the amount of $8,595.80. In support of this Application, KPMG respectfully represents as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the Northern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc dated August 3, 1984*, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      On September 22, 2025, the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On October 16, 2025, the Office of the United States Trustee (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") in these Chapter 11 Cases [Docket No. 157].  To date, no trustee or examiner has been appointed.

4.       On November 19, 2025, the Debtors filed their *Debtors' Application for Entry of an Order (I) Authorizing the Retention of KPMG LLP to Provide Transaction Advisory Services Effective as of November 6, 2025, (II) Waiving and Modifying Certain Information Requirements, and (III) Granting Related Relief* [Docket No. 317] (the "**Retention Application**").  On December 3, 2025, granted the *Order (I) Authorizing the Retention of KPMG*

2

*LLP to Provide Transaction Advisory Services Effective as November 6, 2025, (II) Waiving and Modifying Certain Information Requirements, and (III) Granting Related Relief* [Docket No. 397] (the "**Retention Order**").  The Retention Order authorizes the Debtors to compensate and reimburse KPMG subject to allowance of such compensation and reimbursement by the Court, and is attached to this Application as **Exhibit C**.

5.      Pursuant to the Interim Compensation Order, KPMG filed the *Second Monthly Fee Statement of KPMG LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred for Transaction Advisory Services to the Debtors for the Period from January 1, 2026 through and including January 31, 2026* [Docket No. 668] (the "**Second Monthly Fee Statement**").  The Second Monthly Fee Statement included the following:

| Monthly Fee Statements Filed [1] | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Total | | Requested | | |
| Month | Period Covered | Date Filed | Docket Number | Fees (@100%) | Expenses (@100%) | Fees (@80%) | Expenses (@100%) | Total Holdback Fees Requested: (@20%) |
| 2 | 01/01/26 - 01/31/26 | 03/16/26 | 668 | $ 8,595.80 | $ 0 | $ 6,876.64 | $ 0 | $ 1,719.16 |
| Total | | | | $ 8,595.80 | $ 0 | $ 6,876.64 | $ 0 | $ 1,719.16 |

[1] KPMG only provided services in January 2026 and as such no fee statements were filed for the months of February or March 2026.

## RELIEF REQUESTED

6.      During the Interim Fee Period, KPMG performed services on behalf of or for the Debtors and their estates and not on behalf of any committee, creditor, or other person.  By this Application, KPMG requests interim allowance of compensation of professional fees for such services totaling $8,595.80 and reimbursement for $0.00 of expenses.

## FEES EARNED DURING THE INTERIM FEE PERIOD

### I. Customary Billing Disclosures

7. KPMG charges its fees in this case in accordance with the terms set forth in the Retention Application and the corresponding *Declaration of Brett G. Bell in Support of the Debtors' Application for Entry of an Order (I) Authorizing the Retention of KPMG LLP to Provide Transaction Advisory Services Effective as of November 6, 2025, (II) Waiving and Modifying Certain Information Requirements, and (III) Granting Related Relief* [Docket No. 317-2] (the "**Bell Retention Declaration**"). The fees requested herein represent the usual and customary fees KPMG charges to its clients for services performed. KPMG respectfully submits that the amounts requested herein for professional services rendered on behalf of the Debtors in this case to date are fair and reasonable given: (a) the time expended; (b) the nature and extent of the services performed at the time at which such services were rendered; (c) the value of such services; and (d) the costs of comparable services other than in this chapter 11 case.

8. The time and labor expended by KPMG during the Interim Fee Period has been commensurate with the size and complexity of this case. In rendering these services, KPMG has made every effort to maximize the benefit to the Debtors' estate, to work efficiently with the other professionals employed in this case, and to leverage staff appropriately in order to minimize duplication of effort.

9. Except as set forth in the Retention Order, no promises concerning compensation have been made to KPMG by any firm, person, or entity.

### II. Supporting Documentation

10. In accordance with the Complex Case Procedures, the following information is prefixed to this Application:

4

(a)   a cover sheet summarizing the contents of this Application;

(b)   schedules identifying all KPMG professionals who provided services to the Debtors during the Interim Fee Period, including, with respect to each professional, as applicable, his or her position and area of expertise, hourly rate, hours billed, and total fees charged;

(c)   a summary of KPMG's compensation by project matter category for services provided to the Debtors during the Interim Fee Period; and

(d)   a summary of the actual and necessary expenses that KPMG incurred during the Interim Fee Period in connection with its professional services to the Debtors.

11.   Attached hereto as **Exhibit B** is *the Declaration of Brett G. Bell in Support of the Second Interim Fee Application of KPMG LLP Providing Transaction Advisory Services to the Debtors for Compensation and Reimbursement of Expenses for the Period from January 1, 2026 through and Including March 31, 2026* (the "**Bell Declaration**").

## SUMMARY OF SERVICES RENDERED DURING THE COMPENSATION PERIOD

12.   Set forth below is a summary of the services that KPMG rendered during the Interim Fee Period and attached hereto as **Attachment A** is a chart depicting KPMG professionals who rendered these services.

13.   The billing procedures required by the U.S. Trustee Guidelines differ from KPMG's normal billing procedures and as such, the Local Rules and the Interim Compensation Order entered in these cases have required significant effort to inform the timekeepers of their responsibilities, compile the detailed time and expense entries, begin preparation of the detailed and summary schedule of fees and expenses incurred, and begin drafting the schedules included in the monthly fee statement and KPMG's First Interim Application [Docket Nos. 499, 589].

14.   All non-fixed fees billed by KPMG to the Debtors during the Interim Fee Period for time expended by professionals were based on hourly rates ranging from $242 to $378 per

5

hour. The rates reflected in this Application represent approximately a 30% discount from KPMG's standard rates. Of the aggregate time expended, 0.2 hours were expended by an associate director, 0.9 hours were expended by managers and 31.1 hours were expended by senior associates and associates. KPMG's blended hourly rate for these services was $266.95. KPMG maintains contemporaneous records of the time expended for the professional services and expenses related hereto performed in connection with this chapter 11 case and such records are maintained in the ordinary course of business.

<strong><u>ACTUAL AND NECESSARY EXPENSES</u></strong>

15. KPMG is seeking reimbursement of actual and necessary expenses incurred by KPMG during the Interim Fee Period in the amount of $0.00 as detailed in Exhibit D and Exhibit D1 of the Second Monthly Fee Statement and summarized in Attachment A incorporated herein.

<strong><u>KPMG'S REQUESTED COMPENSATION SHOULD BE ALLOWED</u></strong>

16. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also establishes the following non-exclusive criteria to determine the amount of reasonable compensation to be awarded:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered towards the completion of, a case under this title;

6

(d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

(f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

17.    In accordance with section 330 of the Bankruptcy Code, the fees requested are reasonable in consideration of the following factors, among other things, (a) the complexity of the chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

18.    KPMG respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the Debtors and were rendered to assist the Debtors in discharging its statutory duties during the pendency of these chapter 11 cases.  KPMG further believes that its services to the Debtors during the Interim Fee Period were performed efficiently and in an expert manner and ultimately benefited the Debtors. KPMG submits that the compensation requested herein is reasonable in light of the nature, extent, and value of Applicant's services to the Debtors.  Accordingly, the Application should be approved.

**RESERVATION OF RIGHTS**

19.    To the extent that time for services rendered or disbursements incurred relate to the Interim Fee Period, but were not processed prior to the preparation of this Application, KPMG

7

reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application. Furthermore, KPMG reserves the right to seek final approval of the fees and expenses requested herein.

### NOTICE

20.   Pursuant to the Interim Compensation Order, the Application will be served upon the Notice Parties (as defined in the Interim Compensation Order).

WHEREFORE, subject to the terms of the Interim Compensation Order, KPMG respectfully requests that the Court enter an Order (i) approving and allowing, on an interim basis, compensation in the amount of $8,595.80 for professional services performed on behalf of the Debtors during the Compensation Period and reimbursement of $0.00 for actual and necessary expenses incurred during the Compensation Period; (ii) authorizing and directing the Debtors to pay KPMG an amount equal to the sum of such allowed compensation and reimbursement; and (iii) granting such other further relief as the Court deems just and proper.

Dated: May 14, 2026

Respectfully submitted,

/s/ Brett G. Bell

Brett G. Bell
KPMG LLP
Two Financial Center
60 South Street
Boston, MA 02111

8

## Certificate of Service

I certify that on May 14, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

/s/ Ian T. Peck
Ian T. Peck

9

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| OMNICARE, LLC, *et al.*,[1] | ) | Case No. 25-80486 (SGJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER GRANTING SECOND INTERIM FEE
APPLICATION OF KPMG LLP FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
JANUARY 1, 2026 THROUGH AND INCLUDING MARCH 31, 2026**

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 110 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare. The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

Upon the application (the "**Application**"),[2] filed by KPMG LLP ("**KPMG**") for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (the "**Order**") approving allowance of compensation for professional services rendered and reimbursement of expenses incurred in the above captioned chapter 11 cases during the period from January 1, 2026 through and including March 31, 2026 (the "**Interim Fee Period**"), all as more fully set forth in the Application and the Bell Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334, and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*, Miscellaneous Rule No. 33 (N.D. Tex. Aug. 3, 1984); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.     The Application is **GRANTED** as set forth below.

2.     KPMG's fees in the amount of **$8,595.80** and out-of-pocket expenses in the amount of **$0.00** incurred during the Interim Fee Period, are hereby approved on an interim basis.

---

[2] Capitalized terms not otherwise defined have the meanings ascribed to them in the Application.

3.      The Debtors are authorized and directed to pay to KPMG the amount of **$8,595.80**

which represents the remaining allowed and unpaid fees and expenses incurred by KPMG during

the Interim Fee Period.

4.      The Court shall retain jurisdiction to hear and consider all disputes arising out of

the interpretation or implementation of this Order.

**# # # END OF ORDER # # #**

**Order submitted by:**


Charles A. Beckham, Jr. (TX #02016600)
Ian Peck (TX #24013306)
Martha Wyrick (TX #24101606)
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street
Suite 2300
Dallas, TX 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Email:  charles.beckham@haynesboone.com
       ian.peck@haynesboone.com
       martha.wyrick@haynesboone.com


Vincent E. Lazar (admitted *pro hac vice*)
Derek L. Wright (admitted *pro hac vice*)
Angela M. Allen (admitted *pro hac vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email:  vlazar@jenner.com
       dwright@jenner.com
       aallen@jenner.com

*Counsel to the Debtors and
Debtors in Possession*

4

**Exhibit B**

**Bell Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OMNICARE, LLC, *et al.*,[1] | ) | Case No. 25-80486 (SGJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF BRETT G. BELL IN SUPPORT OF
THE SECOND INTERIM FEE APPLICATION OF KPMG LLP PROVIDING
TRANSACTION ADVISORY SERVICES TO THE DEBTORS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD FROM JANUARY 1, 2026 THROUGH AND INCLUDING MARCH 31, 2026**

I, Brett G. Bell, being duly sworn, state the following:

1. I am a Certified Public Accountant and a partner of KPMG LLP ("**KPMG**"). I make this declaration in accordance with section 327 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1 regarding the contents of applications for compensation and expenses.

2. I have reviewed the foregoing *Second Interim Fee Application of KPMG LLP Providing Transaction Advisory Services to the Debtors For Allowance of Compensation and Reimbursement of Expenses Incurred for the Period of January 1, 2026 Through and Including March 31, 2026* (the "**Application**").[2]

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 110 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare. The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. In accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, no agreement or understanding exists between KPMG and any other entity or person, other than members of KPMG, for the sharing of compensation received or to be received for services rendered in or in connection with these chapter 11 cases.

4. All professional services for which KPMG is requesting compensation were rendered solely on behalf of the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 14, 2026

Respectfully submitted,

*/s/ Brett G. Bell*

Brett G. Bell
KPMG LLP
Two Financial Center
60 South Street
Boston, MA 02111

2

**Exhibit C**

**Retention Order**



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 3, 2025**

_____
United States Bankruptcy Judge

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OMNICARE, LLC, *et. al.,*[1] | ) | Case No. 25-80486 (SGJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Related to Docket No. 317 |

**ORDER (I) AUTHORIZING THE RETENTION OF KPMG LLP TO PROVIDE
TRANSACTION ADVISORY SERVICES EFFECTIVE AS
NOVEMBER 6, 2025, (II) WAIVING AND MODIFYING CERTAIN
INFORMATION REQUIREMENTS, AND (III) GRANTING RELATED RELIEF**

Upon the application (the "**Application**") of the above-captioned debtors and debtors-in-

possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**"), pursuant to sections

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 111 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare. The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

1

327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rules 2014-1 and 2016-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "**Local Bankruptcy Rules**"), authorizing (i) the Debtors to retain and employ KPMG LLP ("**KPMG**") to provide certain transaction advisory services to the Debtors in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**"), in accordance with that certain engagement letter ("**Engagement Letter**") effective as of November 6, 2025 (the "**Effective Date**"), a copy of which is attached hereto as **Exhibit 1**, and (ii) waiving and modifying certain timekeeping requirements and excusing compliance with certain guidelines set forth in the *U.S. Trustee Guidelines for Reviewing Applications for Compensation filed under 11 U.S.C. § 330 in (1) Larger Chapter 11 Cases by Those Seeking Compensation Who Are Not Attorneys, (2) All Chapter 11 Cases Below the Larger Case Thresholds, and (3) Cases Under Other Chapters of the Bankruptcy Code* effective as of May 17, 1996 the ("**Fee Guidelines**");[2] and upon the Declaration of Brett G. Bell, a Certified Public Accountant and partner at KPMG (the "**Declaration**") in support thereof; and the Court being satisfied based on the representations made in the Application and in the Declaration that KPMG represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates; the terms of the Engagement Letter are reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and this Court having jurisdiction to consider the Application under 28 U.S.C. § 1334; and

---

[2] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Application.

2

consideration of the Application and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Application having been provided in accordance with

the Bankruptcy Rules and the Local Bankruptcy Rules; and it appearing that no other or further

notice need be provided; and objections (if any) to the Application having been withdrawn,

resolved, or overruled on the merits; and after due deliberation and sufficient cause appearing

therefore, it is hereby **ORDERED** that:

1.      The Application is granted as set forth herein.

2.      In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy

Rule 2014 and 2016, and Local Bankruptcy Rule 2014-1 and 2016-1, the Debtors are authorized

to retain and employ KPMG to provide certain transaction advisory services to the Debtors in the

Chapter 11 Cases on the terms set forth in the Application and the Engagement Letter, as modified

by this Order, as of the Effective Date.

3.      Except as set forth herein, the Engagement Letter (together with all annexes

thereto), as modified by this Order, including without limitation the Fees and Payment Schedule,

is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtors are

authorized to perform their payment, reimbursement, contribution, and indemnification

obligations and their non-monetary obligations in accordance with the terms and conditions, and

at the times specified, in the Engagement Letter. Subject to Paragraph 4 of this Order, all

compensation to KPMG under the Engagement Letter shall be subject to review only pursuant to

the standards set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any

other standard of review including, but not limited to, that set forth in section 330 of the

Bankruptcy Code.

3

4.      KPMG shall file fee statements and applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules or Local Bankruptcy Rules as may then be applicable, the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Case Professionals and (II) Granting Related Relief* [Dkt. 176], and any other applicable orders and procedures of the Court; *provided*, *however*, that KPMG shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that KPMG's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code, except that, notwithstanding any provisions to the contrary in this Order, the Application or any of its attachments, the U.S. Trustee shall retain all rights and be entitled to object to KPMG's request(s) for fees and reimbursement of expenses, including but not limited to those set forth in the final fee application, under the standards provided in sections 330 and 331 of the Bankruptcy Code. KPMG intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines.

5.      Notwithstanding anything to the contrary in the Application or any of its attachments, including but not limited to the Engagement Letter, KPMG shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1, except that KPMG and its professionals shall be permitted to maintain time records of services rendered for the Debtors in one-half (1/2) hour increments.  The Debtors are authorized to pay KPMG's allowed fees and to reimburse KPMG for its allowed, actual, reasonable, and documented out-of-pocket costs and expenses as provided in the Engagement Letter as modified by this Order and consistent with the proposed compensation set forth in the Engagement Letter.

4

6.      KPMG will file monthly, interim, and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court and consistent with the proposed compensation set forth in the Engagement Letter, as modified by this Order and consistent with the proposed compensation set forth in the Engagement Letter, provided that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Fee Guidelines are hereby modified such that, with respect to Advisory Fixed Fee services, KPMG's professionals shall only be required to maintain reasonably detailed time records in one-half hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered, and will identify each professional rendering the services, and the total amount of compensation sought by KPMG. With respect to KPMG's hourly fees, KPMG shall keep reasonably detailed time records in one half (1/2) hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the total amount of compensation requested by KPMG.

7.      To the extent the Debtors and KPMG enter into any additional engagement letter(s), the Debtors will file such engagement letter(s) with the Court and serve such engagement letter(s) upon the U.S. Trustee, counsel to the agents for the Debtors' post-petition secured lenders, and counsel to the Official Committee of Unsecured Creditors.  To the extent any of such parties object, within 10 days of such new engagement letter(s) being filed and served, to the additional services to be provided by KPMG, the Debtors will promptly schedule a hearing before the Court.  All additional services will be subject to the provisions of this Order.

5

8. The following terms apply during the pendency of the Debtors' Chapter 11 Cases:

(a) KPMG shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Engagement Letter and the Application, unless such services and indemnification therefor are approved by the Court; provided, that to the extent additional engagement letter(s) are filed with the Court and no parties object to such engagement letter(s) in accordance with the procedures described in the immediately preceding Ordered paragraph, such engagement letter(s) shall be deemed approved by the Court;

(b) The Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG, for any claim or expense that is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) for a contractual dispute in which the Debtors allege the breach of KPMG's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which KPMG is not entitled to receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these Chapter 11 Cases, KPMG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order) and Application, including without limitation the advancement of defense costs, KPMG must file an application therefor in this Court, and the Debtors may not pay any such amounts to KPMG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KPMG for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KPMG. All parties in interest shall retain the right to object to any demand by KPMG for indemnification, contribution or reimbursement.

6

9.      Prior to any increases in KPMG's rates for any individual retained by KPMG and providing services in these cases, KPMG shall file a supplemental declaration with this Court and provide 10 business days' notice to the Debtors, the U.S. Trustee, and the Unsecured Creditors' Committee.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by this Court.

10.      Notwithstanding anything in the Application or the Engagement Letter to the contrary, KPMG shall (i) to the extent that KPMG uses the services of independent contractors, subcontractors, or employees of foreign or domestic affiliates or subsidiaries (collectively, the "**Contractors**") in these cases, KPMG shall pass-through the cost of such Contractors to the Debtors at the same rate that KPMG pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) ensure that the Contractors are subject to the same conflict checks as required for KPMG, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

11.      The Debtors shall comply with the notice requirement set forth in paragraph 4(c) of KPMG's Standard Terms and Conditions for Advisory and Tax Services (the "**Standard Terms and Conditions**"), including providing the written notice required prior to disseminating or advancing any of KPMG's advice, recommendations, information, or work product to third parties. During the pendency of the Chapter 11 Cases, paragraph 6 of the Standard Terms and Conditions is deleted.

12.      To the extent the Application, the Engagement Letter, or the Declaration are inconsistent with this Order, the terms of this Order shall govern.

7

13.     Notwithstanding anything in the Application or the Engagement Letter to the contrary, during the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement and implementation of this Order until such jurisdiction is relinquished.

### # # # END OF ORDER # # #

**Order submitted by:**

Charles A. Beckham, Jr. (TX #02016600)
Ian T. Peck (TX #24013306)
Martha Wyrick (TX #24101606)
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street
Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Email:   charles.beckham@haynesboone.com
         ian.peck@haynesboone.com
         martha.wyrick@haynesboone.com

Vincent E. Lazar (admitted *pro hac vice*)
Derek L. Wright (admitted *pro hac vice*)
Angela M. Allen (admitted *pro hac vice*)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 923-2952
Facsimile: (312) 527-0484
Email:   vlazar@jenner.com
         dwright@jenner.com
         aallen@jenner.com

*Counsel to the Debtors and*
*Debtors in Possession*

8