

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 20, 2026**

_____
**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| OMNICARE, LLC, *et al.*,[1] | ) Case No. 25-80486 (SGJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Ref. Docket No. 727 |

**STIPULATION AND AGREED ORDER REGARDING MOTION
TO LIFT THE AUTOMATIC STAY FILED BY KATE RUNNING**

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 110 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare. The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

Kate Running (the "**Movant**") and Omnicare Pharmacy of Texas 1, LP ("**Omnicare Texas 1**" and with its debtor affiliates, the "**Debtors**," and with the Movant, the "**Parties**"), enter into this stipulation (this "**Stipulation**") and ask the Court to enter this agreed order.

## RECITALS

A.    On June 11, 2025, the Movant filed a complaint in the 241st District Court of Smith County, Texas (the "**State Court**") commencing the case styled, *Kate L. Runing v. Omnicare Pharmacy of Texas 1, LP and William Horton*, Case No. 25-1555-C (the "**State Court Action**").[2] The State Court Action concerns an alleged motor vehicle incident that occurred on April 11, 2025. Omnicare Texas 1 and one of its employees, William Horton, are defendants in the State Court Action.

B.    On April 3, 2026, the Movant filed *Kate Running's Motion for Relief from the Automatic Stay* [Docket No. 727] (the "**Motion**") requesting relief from the automatic stay under section 362(a) of title 11 of the United States Code (the "**Bankruptcy Code**") to (i) prosecute the State Court Action in the State Court and (ii) pursue collection on any judgment in the State Court Action against the Debtors solely from the proceeds of applicable insurance policies, or through the bankruptcy process, or both.  The applicable insurance policies are referred to herein as the "**Policies**," and the proceeds of the Policies are the "**Policy Proceeds**."

C.    On December 3, 2025, the Court entered an order granting the Bidding Procedures Motion[3] [Docket No. 398] (the "**Bidding Procedures Order**"). Pursuant to the Bidding

---

[2] The current style of the State Court Action is *Running v. Omnicare Pharmacy of Texas 2, LP and William Horton*, Case No. 25-1555-C.

[3] *Motion for Entry of an Order (I)(A) Approving Bidding Procedures and the Form and Manner of Notice Thereof, (B) Authorizing the Selection of Stalking Horse Bidder(s) and Approving Bid Protections, (C) Establishing Bid Deadlines and Scheduling the Auction and Sale Hearing(s), and (D) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof; and (II) Granting Related Relief* [Docket No. 288] (the "**Bidding Procedures Motion**").

Procedures Order, the Court granted approval for the Debtors to conduct a marketing and solicitation process to sell their assets (if any, the "**Sale**").

D.      The Parties have met and conferred and agree to request that the Court enter an order regarding the automatic stay with respect to the State Court Action on the terms set forth herein. The undersigned signatories to this Stipulation represent and warrant that (i) they are duly authorized to execute this Stipulation on the terms and conditions set forth herein and (ii) no further approval, consent, or action by any other person or entity is required for this Stipulation to constitute a valid and binding obligation of the Parties. The Parties now jointly submit this Stipulation and respectfully request that the Court enter an order approving this Stipulation.

**STIPULATION AND ORDER**

**IT IS HEREBY ORDERED THAT:**

1.      The automatic stay pursuant to section 362(d) of the Bankruptcy Code shall remain in effect with respect to the State Court Action; *provided that*, the automatic stay shall be modified on the terms and conditions of this Stipulation on the earlier of (i) sixty (60) days after the closing of the Sale or (ii) September 22, 2026 (each event, a "**Condition Precedent**").

2.      Immediately upon the occurrence of the Condition Precedent and without further notice to any party, the automatic stay under section 362(d) of the Bankruptcy Code shall be modified to a limited extent solely to (A) permit the Movant to proceed with (i) prosecuting the State Court Action against the Debtors and any non-debtor defendants through a final, non-appealable judgment or other final resolution, (ii) collecting on any such judgment against the Debtors from the Policy Proceeds, and (iii) collecting on any judgment  against non-debtor third-parties and (B) allow, but not require, the Debtors, the Debtors' insurers, or the Debtors' third party administrators to administer, handle, defend, settle, and/or pay the Movant's claim (and any

3

costs related thereto) in the State Court Action, subject to and in accordance with the terms of the Policies, any related agreements, and law.

3.      To the extent applicable, the automatic stay under 362(d) of the Bankruptcy Code shall be modified upon entry of this Stipulation to permit the Movant and the Debtors to engage in settlement negotiations, including voluntarily participating in mediation with a mediator that is acceptable to the Movant and the Debtors, regarding the resolution of the Movant's claims in the Proposed State Court Action, *provided that*, nothing in this Order directs the Movant or the Debtors to participate in mediation, but the Movant and Debtors agree to work in good faith to schedule a mediation to occur before September 22, 2026; *provided further that*, if a settlement is reached (i) such settlement shall solely be payable from the Policy Proceeds and (ii) must be approved by the Bankruptcy Court before any settlement amounts are paid to the Movant (if any, the "**Settlement Payment**").

4.      Notwithstanding the foregoing, the Movant may only collect any judgments entered against the Debtors with respect to the State Court Action out of any available Policy Proceeds or in accordance with a plan or other order approved by the Court.

5.      The Movant shall not use any legal process issued by any court to directly collect any unpaid portion of the judgment entered against the Debtors or the Debtors' property in the State Court Action, including any writ of garnishment, attachment, execution, or similar process, except that, Movant may recover any unpaid portion of such judgment  in accordance with a plan or other order approved by the Court.

6.      Nothing herein (i) alters, amends, or otherwise modifies the terms and conditions of any of the Policies, any related agreements, or of any claim services agreements; (ii) relieves the Debtors of any of their obligations under any of the Policies, any related agreements, or of any

claim services agreements; (iii) creates or permits a direct right of action by the Movant against any of the Debtors' insurers, except as may be allowed by applicable law; (iv) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, or scope of available coverage under any of the Policies or to otherwise assert any defenses to coverage; (v) constitutes a determination or admission that coverage exists with respect to any claims; (vi) expands any coverage provided by the Policies; or (vii) alters or modifies the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any Policy.

7.      Nothing in this Stipulation shall (i) compel the Debtors or (ii) create a right to seek to compel the Debtors that otherwise does not exist under applicable nonbankruptcy law, to pay (or reimburse an insurer or third-party administrator for) any retentions or deductibles under any of the Policies. For the avoidance of doubt, except as may otherwise be provided in any plan or other order approved by the Court, the Debtors and their estates shall not have any obligation to pay any retentions or deductibles or to pay or reimburse an insurer or third-party administrator for any retentions or deductibles or any other expenses under any of the Policies.  For the further avoidance of doubt, nothing in this paragraph relieves any non-Debtor, including, but not limited to, any captive insurer, from any obligation that they may have to pay or reimburse an insurer or third-party administrator for any retentions or deductibles or any other expenses under any of the Policies.

8.      Nothing in this Stipulation shall constitute or be deemed to constitute a finding, representation, admission, or determination as to the existence of coverage, the applicability of any of the Policies, the potential recovery available under a plan or other process that may be approved by the Court, or the allowability of any of the Movant's claims under a plan or other order that may be approved by the Court.  The Debtors make no representations regarding the

5

availability of any of the Policy Proceeds, any plan or other order that may be approved by the Court, or the allowability of any of the Movant's claims.

9. The Debtors reserve all rights with respect to the Policy Proceeds, and nothing in this Stipulation shall be deemed to modify, impair, or otherwise affect the Debtors' rights as to the insurers.

10. Nothing in this Stipulation, nor any actions taken pursuant hereto, shall constitute admissible evidence against the Parties in any action or proceeding other than one to enforce the terms of this Stipulation.

11. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings related to the subject matter hereof.

12. This Stipulation shall be binding upon the Parties' successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

13. Except as expressly modified herein, the automatic stay shall remain in place for all other purposes.

14. The Parties are authorized to take all actions as are necessary or appropriate to implement the terms of this Stipulation.

15. Notwithstanding Bankruptcy Rule 4001(a)(4), the terms and conditions of this Stipulation are immediately effective and enforceable upon its entry.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

## END OF ORDER ###

**STIPULATED AND AGREED TO THIS 20th DAY OF MAY 2026:**

| | |
|---|---|
| **HAYNES AND BOONE, LLP** | **PIERSON FERDINAND LLP** |

*/s/ Martha Wyrick*

Charles A. Beckham, Jr. (TX #02016600)
Ian T. Peck (TX #24013306)
Martha Wyrick (TX #24101606)
2801 N. Harwood Street, Ste. 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Email:  charles.beckham@haynesboone.com
　　　　ian.peck@haynesboone.com
　　　　martha.wyrick@haynesboone.com

*/s/ Lynnette R. Warman*

Lynnette R. Warman (TX #2086940)
1341 W. Mockingbird Lane, Ste. 600W
Dallas, Texas 75247
Telephone: (214) 693-6525
Email: Lynnette.Warman@pierferd.com

*Counsel to Kate Running*

**JENNER & BLOCK LLP**

Vincent E. Lazar (admitted *pro hac vice*)
Derek L. Wright (admitted *pro hac vice*)
Angela M. Allen (admitted *pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email:  vlazar@jenner.com
　　　　dwright@jenner.com
　　　　aallen@jenner.com

*Counsel to the Debtors and
Debtors in Possession*

7