**JENNER & BLOCK LLP**
Vincent E. Lazar (admitted *pro hac vice*)
Derek L. Wright (admitted *pro hac vice*)
Angela M. Allen (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
Telephone:    (312) 222-9350
Facsimile:    (312) 527-0484
Email:        vlazar@jenner.com
              dwright@jenner.com
              aallen@jenner.com

**HAYNES AND BOONE, LLP**
Charles A. Beckham, Jr. (TX #02016600)
Ian T. Peck (TX #24013306)
Martha Wyrick (TX #24101606)
2801 N. Harwood Street, Ste. 2300
Dallas, TX 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Email: charles.beckham@haynesboone.com
       ian.peck@haynesboone.com
       martha.wyrick@haynesboone.com

*Counsel for the Debtors and Debtors in
Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OMNICARE, LLC, *et al.*,[1] | ) | Case No. 25-80486 (SGJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**AGREED MOTION TO APPROVE STIPULATION AND AGREED ORDER
REGARDING THE AUTOMATIC STAY**

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 110 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare. The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

> **PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**
>
> **ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON JUNE 16, 2026, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

Omnicare, LLC ("**Omnicare**") and certain of its affiliates (collectively, the "**Debtors**") and the Estate of Dylan Calabrese (the "**Calabrese Estate**") and with the Debtors, collectively, the "**Parties**"), file this *Agreed Motion to Approve Stipulation and Agreed Order Regarding the Automatic Stay* (the "**Motion**"), and in support hereof, respectfully represents as follows:

### Jurisdiction and Statutory Bases for Relief

1.       The United States District Court for the Northern District of Texas (the "**District Court**") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory bases for the relief requested herein are sections 105 and 362 of title 11 of the United States Code; 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"); Rules 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and rule

2

4001-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

## Background

### A.     The Bankruptcy Cases

3.     On September 22, 2025 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On October 16, 2025, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**"). No trustee or examiner has been appointed in these Chapter 11 Cases.

### B.     The Potential State Court Action

5.     The Calabrese Estate holds or may hold claims arising from a motor vehicle accident that occurred on or about April 24, 2025, in Queensbury, New York.  The accident involved Dylan M. Calabrese and Roger C. Burdo.  Mr. Calabrese sustained fatal injuries as a result of the collision.

6.     At relevant times, the Calabrese Estate asserts or may assert that Mr. Burdo was an employee of one of the Debtors, driving a Debtor-owned vehicle, and operating within the course of his duties. The Calabrese Estate intends to commence litigation in an appropriate non-bankruptcy court against one or more of the Debtors and any applicable non-debtor parties arising from the accident, including claims to liquidate liability and damages and to pursue any recovery

solely from applicable insurance proceeds, non-debtor third parties, and/or in accordance with any plan or other order of this Court (the "**Potential State Court Action**").[2]

7.      The Parties have conferred regarding the Potential State Court Action and have agreed to the limited modification of the automatic stay on the terms set forth in the Proposed Order.

## Relief Requested

8.      The Parties request entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") approving the stipulation between the Parties that modifies the automatic stay on the terms of the attached Proposed Order. The Parties further request that the Bankruptcy Court direct that the Proposed Order granting the requested relief be effective immediately notwithstanding Bankruptcy Rule 4001(a)(4).

## Basis for Relief Requested

A.      **Impact of the Automatic Stay on the Litigation**

9.      The filing of the Chapter 11 Cases operates as an automatic stay of the commencement or continuation of any proceeding against the Debtors, or any act to collect or recover a claim, that arose before the commencement of the bankruptcy cases. *See* 11 U.S.C. § 362(a).

10.      The Parties agree that the stay should be modified to (A) permit the Calabrese Estate to proceed with (i) prosecuting the Potential State Court Action against the Debtors and any non-debtor defendants through a final, non-appealable judgment, (ii) collecting on any judgment against the Debtors solely from the Policy Proceeds[3], and (iii) collecting on any judgment against

---

[2] The Calabrese Estate did not file a proof of claim related to the Potential State Court Action.
[3] The applicable insurance policies are referred to herein as the "**Policies**," and the proceeds of the Policies are the "**Policy Proceeds**."

non-debtor third-parties and (B) allow, but not require, the Debtors, the Debtors' insurers, or the

Debtors' third party administrators to administer, handle, or defend the Calabrese Estate's claim

in the Potential State Court Action, subject to and in accordance with the terms of the Policies, any

related agreements, and law.

**B.      Cause Exists to Grant Relief from the Automatic Stay**

11.      The statutory predicate for granting relief from the automatic stay is section

362(d)(1) of the Bankruptcy Code, which, in pertinent part, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

11 U.S.C. § 362(d)(1).

12.      Additionally, Rule 4001(d)(1) of the Federal Rules of Bankruptcy Procedure

provides in pertinent part:

> (1) Motion; service
>
> (A) Motion. A motion to approve any of the following must be accompanied by a copy of the agreement and a proposed form of order . . . (iii) an agreement to modify or terminate the stay provided for in § 362; . . .
>
> (B) Contents. The motion must. . . begin with [] a concise statement of the relief requested . . . The statement must: (i) list or summarize all of the agreement's material provisions . . . .
>
> (C) Service. The motion must be served on all those who must be served under (a)(1)(A) and any other entity the court designates.
>
> (2) Objection . . . Unless the court sets a different time, any objections must be filed within 14 days after the notice is mailed.
>
> (3) Disposition Without a Hearing. If no objection is filed, the court may enter an order approving or disapproving the agreement without holding a hearing.

13.      Courts must determine whether relief from the automatic stay is appropriate on a

case-by-case basis because neither the Bankruptcy Code nor the legislative history provide a

specific definition of what constitutes "cause" under section 362(d)(1) of the Bankruptcy Code.

*See Reitnauer v. Tex. Exotic Feline Found., Inc. (In Re Reitnauer)*, 152 F.3d 341, 343 n.4 (5th Cir.

1998). Congress, however, provided some guidance regarding what constitutes "cause,"

specifically mentioning "a desire to permit an action to proceed to completion in another tribunal"

and "the lack of . . . interference with the pending bankruptcy case." H.R. REP. No. 95-595, 343-

44 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6300. Thus, "[c]ause is an intentionally broad

and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-

sensitive situations." *Mooney v. Gill*, 310 B.R. 543, 546–47 (N.D. Tex. 2002) (internal citations

omitted).

14.     To evaluate whether to grant relief from the automatic stay to allow parties to

proceed with litigation, courts may consider various factors, including:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests of other creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms.

*In re Choice ATM Enters., Inc.*, Case No. 14-44982-DML, 2015 WL 1014617, at *3 (Bankr. N.D.

Tex. Mar. 4, 2015) (citing *Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2nd Cir. 1990)) (the "**Sonnax**

**Factors**"). The Court has discretion to identify and balance "the factors it deems relevant to determining whether cause exists to lift the Automatic Stay." *In re Choice ATM Enters., Inc.*, 2015 WL 1014617, at *5; *see also In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) ("Only those factors relevant to a particular case need be considered, . . . and the Court need not assign them equal weight.") (citations omitted). The Court may apply the Sonnax Factors to evaluate whether granting relief from the automatic stay to proceed with the Appeal is appropriate here. *E.g., In re Metz*, 165 B.R. 769, 772 (Bankr. E.D.N.Y. 1994) (applying the Sonnax Factors to a request for relief from the stay to proceed with an appeal).

15. The applicable Sonnax Factors support modifying the automatic stay to allow the Calabrese Estate to file the Potential State Court Action on the terms of the Proposed Order, as follows:

- *First*, stay relief will permit the Calabrese Estate to liquidate its claims in the appropriate non-bankruptcy forum, thereby allowing those claims to be resolved without requiring this Court to adjudicate personal injury tort issues.

- *Second*, the requested relief is limited and will not materially interfere with the administration of the Chapter 11 Cases because (i) the relief is contemplated to become effective after September 22, 2026, which the Debtors believe provides them ample opportunity to confirm a plan of reorganization and (ii) any collection against the Debtors will be limited to available Policy Proceeds, recovery in accordance with a plan or other order approved by this Court, or both.

- *Third*, the underlying claims arise under applicable non-bankruptcy law and are more appropriately adjudicated in the forum where the accident occurred, where the witnesses, accident investigation materials, and other relevant evidence are likely to be located.

- *Fourth*, the requested relief will not substantially prejudice other creditors because the Calabrese Estate will not be permitted to execute against estate property, garnish estate assets, or otherwise collect directly from the Debtors except through available Policy Proceeds or as otherwise authorized by a plan or further order of this Court.

- *Fifth*, judicial economy favors limited stay relief because the Potential State Court Action may involve non-debtor parties, insurance issues, and damages issues that can be addressed together in a single forum.

- *Sixth*, the balance of harms favors the requested relief. Without stay relief, the Calabrese Estate would be delayed in liquidating personal injury claims. However, the Proposed Order includes a definitive date when the stay will be modified for the Calabrese Estate to proceed with the Potential State Court Action and protects the Debtors and their estates by limiting the Calabrese Estate's recovery to the Policy Proceeds or as otherwise authorized by a plan or further order of this Court.

## Waiver of Bankruptcy Rule 4001(a)(4)

16.     To implement the foregoing successfully, the Debtors, with the Calabrese Estate's support, respectfully request a waiver of the 14-day stay under Bankruptcy Rule 4001(a)(4).

## Reservation of Rights

17.     Nothing herein shall be construed as an admission of liability by the Debtors or any of their employees with respect to the Proposed State Court Action. The Debtors expressly reserve all rights with respect to the Proposed State Court Action, including the right to assert any defenses, claims, or counterclaims in the Proposed State Court Action.

## Notice

18.     The Debtors will provide notice of this Motion to all parties on the Complex Service List. The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## No Prior Request

19.     No prior request for the relief sought herein has been made by the Parties to this or any other Court.

**WHEREFORE**, for the reasons set forth above, the Debtors respectfully request that the Court (a) enter the Proposed Order granting the relief requested herein, and (b) grant such other and further relief as the Court may deem just and proper.

[*Remainder of page left intentionally blank.*]

8

**JOINTLY FILED BY THE FOLLOWING ON THIS 2ND DAY OF JUNE 2026:**

<table>
<tr><td>

**HAYNES AND BOONE, LLP**

/s/ *Martha Wyrick*
Charles A. Beckham, Jr. (TX #02016600)
Ian T. Peck (TX #24013306)
Martha Wyrick (TX #24101606)
2801 N. Harwood Street, Ste. 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Email: charles.beckham@haynesboone.com
ian.peck@haynesboone.com
martha.wyrick@haynesboone.com

</td><td>

**BONDS ELLIS EPPICH SCHAFER JONES LLP**

/s/ *Eric T. Haitz*
Eric T. Haitz (TX #24101851)
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
Telephone: (817) 405-6900
Facsimile: (817) 405-6902
Email: eric.haitz@bondsellis.com

*Counsel to the Estate of Dylan Calabrese*

</td></tr>
</table>

**JENNER & BLOCK LLP**

Vincent E. Lazar (admitted *pro hac vice*)
Derek L. Wright (admitted *pro hac vice*)
Angela M. Allen (admitted *pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email: vlazar@jenner.com
dwright@jenner.com
aallen@jenner.com

*Counsel to the Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re:<br><br>OMNICARE, LLC, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 25-80486 (SGJ)<br>)<br>) (Jointly Administered)<br>) |

**STIPULATION AND AGREED ORDER
REGARDING THE AUTOMATIC STAY**

---

[1] The last four digits of Omnicare, LLC's federal tax identification number are 1351. There are 110 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Omnicare. The location of Omnicare, LLC's corporate headquarters and the Debtors' service address is One CVS Drive, Mail Code 1160, Woonsocket, RI 02895.

The Estate of Dylan Calabrese ("**Calabrese Estate**") and Omnicare, LLC ("**Omnicare**") and certain of its debtor affiliates (collectively, the "**Debtors**" and with the Calabrese Estate, the "**Parties**"), enter into this stipulation (this "**Stipulation**") and ask the Court to enter this agreed order.

## RECITALS

A.    The Calabrese Estate intends to file a complaint in a court in a state court with competent jurisdiction (the "**State Court**") commencing litigation against Omnicare or one or more of its subsidiaries, including Pharmacy Associates of Glen Fallas, LLC, formerly known as Omnicare of Ballston Spa and one of their employees, Roger C. Burdo (the "**Potential State Court Action**"). The Potential State Court Action concerns an alleged motor vehicle incident that occurred on April 24, 2025.

B.    On June 2, 2026, the Parties filed the *Agreed Motion to Approve Stipulation and Agreed Order Regarding the Automatic Stay* [Docket No. ●] (the "**Motion**") requesting that the automatic stay be modified to (A) permit the Calabrese Estate to proceed with (i) prosecuting the Potential State Court Action against the Debtors and any non-debtor defendants through a final, non-appealable judgment, (ii) collecting on any judgment against the Debtors solely from the Policy Proceeds, and (iii) collecting on any judgment against non-debtor third-parties and (B) allow, but not require, the Debtors, the Debtors' insurers, or the Debtors' third party administrators to administer, handle, or defend the Calabrese Estate's claim in the Potential State Court Action, subject to and in accordance with the terms of the Policies, any related agreements, and law. The applicable insurance policies are referred to herein as the "**Policies**," and the proceeds of the Policies are the "**Policy Proceeds**."

C. On December 3, 2025, the Court entered an order granting the Bidding Procedures Motion [2] [Docket No. 398] (the "**Bidding Procedures Order**"). Pursuant to the Bidding Procedures Order, the Court granted approval for the Debtors to conduct a marketing and solicitation process to sell their assets. On May 13, 2026, the Court entered an order approving the asset purchase agreement between the Debtors and GenieRX Holdings LLC (the "**Buyer**") for the Buyer's acquisition of substantially all of the Debtors' assets [Docket No. 835] (the "**Sale**").[3]

D. The Parties have met and conferred and agree to request that the Court enter an order regarding the automatic stay with respect to the Potential State Court Action on the terms set forth herein. The undersigned signatories to this Stipulation represent and warrant that (i) they are duly authorized to execute this Stipulation on the terms and conditions set forth herein and (ii) no further approval, consent, or action by any other person or entity is required for this Stipulation to constitute a valid and binding obligation of the Parties. The Parties now jointly submit this Stipulation and respectfully request that the Court enter an order approving this Stipulation.

## STIPULATION AND ORDER

**IT IS HEREBY ORDERED THAT:**

1. The automatic stay pursuant to section 362(d) of the Bankruptcy Code shall remain in effect with respect to the Potential State Court Action; *provided that*, the automatic stay shall

---

[2] *Motion for Entry of an Order (I)(A) Approving Bidding Procedures and the Form and Manner of Notice Thereof, (B) Authorizing the Selection of Stalking Horse Bidder(s) and Approving Bid Protections, (C) Establishing Bid Deadlines and Scheduling the Auction and Sale Hearing(s), and (D) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof; and (II) Granting Related Relief* [Docket No. 288] (the "**Bidding Procedures Motion**").

[3] *See Order (I) Approving the Asset Purchase Agreement Between the Debtors and GenieRx Holdings LLC; (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and (IV) Granting Related Relief* [Docket No. 835].

be modified on the terms and conditions of this Stipulation on the earlier of (i) sixty (60) days after the closing of the Sale or (ii) September 22, 2026 (each event, a "**Condition Precedent**").

2. Immediately upon the occurrence of the Condition Precedent and without further notice to any party, the automatic stay under section 362(d) of the Bankruptcy Code shall be further modified to a limited extent solely to (A) permit the Calabrese Estate to proceed with (i) prosecuting the Potential State Court Action against the Debtors and any non-debtor defendants through a final, non-appealable judgment, (ii) collecting on any judgment against the Debtors solely from the Policy Proceeds, and (iii) collecting on any judgment against non-debtor third-parties and (B) allow, but not require, the Debtors, the Debtors' insurers, or the Debtors' third party administrators to administer, handle, or defend the Calabrese Estate's claim in the Potential State Court Action, subject to and in accordance with the terms of the Policies, any related agreements, and law.

3. To the extent applicable, the automatic stay under 362(d) of the Bankruptcy Code shall be modified upon entry of this Stipulation to permit the Calabrese Estate and the Debtors to engage in settlement negotiations, including voluntarily participating in mediation with a mediator that is acceptable to the Calabrese Estate and the Debtors, regarding the resolution of the Calabrese Estate's claims in the Potential State Court Action, *provided that*, nothing in this Order directs the Calabrese Estate or the Debtors to participate in mediation; *provided further that*, if a settlement is reached (i) such settlement shall solely be payable from the Policy Proceeds and (ii) must be approved by the Bankruptcy Court before any settlement amounts are paid to the Calabrese Estate.

4. Notwithstanding the foregoing, the Calabrese Estate may only collect any judgments entered against the Debtors with respect to the Potential State Court Action out of any available Policy Proceeds or in accordance with a plan or other order approved by the Court.

5.      The Calabrese Estate shall not use any legal process issued by any court to directly collect any unpaid portion of the judgment entered against the Debtors or the Debtors' property in the Potential State Court Action, including any writ of garnishment, attachment, execution, or similar process, except that, Calabrese Estate may recover any unpaid portion of such judgment in accordance with a plan or other order approved by the Court.

6.      Nothing herein (i) alters, amends, or otherwise modifies the terms and conditions of or obligations under any of the Policies, any related agreements, or of any claim services agreements; (ii) creates or permits a direct right of action by the Calabrese Estate against any of the Debtors' insurers, except as may be allowed by applicable state law; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, or scope of available coverage under any of the Policies or to otherwise assert any defenses to coverage; (iv) expands any coverage provided by the Policies; or (v) alters or modifies the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any Policy.

7.      Nothing in this Stipulation shall (i) compel the Debtors or (ii) create a right to seek to compel the Debtors that otherwise does not exist under applicable nonbankruptcy law, to pay (or reimburse an insurer or third-party administrator for) any retentions or deductibles under any of the Policies. For the avoidance of doubt, except as may otherwise be provided in any plan or other order approved by the Court, the Debtors and their estates shall not have any obligation to pay any retentions or deductibles or to pay or reimburse an insurer or third-party administrator for any retentions or deductibles or any other expenses under any of the Policies.

8.      Nothing in this Stipulation shall constitute or be deemed to constitute a finding, representation, admission, or determination as to the existence of coverage, the applicability of any of the Policies, the potential recovery available under a plan or other process that may be

5

approved by the Court, or the allowability of any of the Calabrese Estate's claims under a plan or other order that may be approved by the Court. The Debtors make no representations regarding the availability of any of the Policy Proceeds, any plan or other order that may be approved by the Court, or the allowability of any of the Calabrese Estate's claims.

9.      The Debtors reserve all rights with respect to the Policy Proceeds, and nothing in this Stipulation shall be deemed to modify, impair, or otherwise affect the Debtors' rights as to the insurers.

10.      Nothing in this Stipulation, nor any actions taken pursuant hereto, shall constitute admissible evidence against the Parties in any action or proceeding other than one to enforce the terms of this Stipulation.

11.      This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings related to the subject matter hereof.

12.      This Stipulation shall be binding upon the Parties' successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

13.      Except as expressly modified herein, the automatic stay shall remain in place for all other purposes.

14.      The Parties are authorized to take all actions as are necessary or appropriate to implement the terms of this Stipulation.

15.      Notwithstanding Bankruptcy Rule 4001(a)(4), the terms and conditions of this Stipulation are immediately effective and enforceable upon its entry.

16.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

## END OF ORDER  ###

**STIPULATED AND AGREED TO THIS 2ND DAY OF JUNE 2026:**

**HAYNES AND BOONE, LLP**

*/s/ Martha Wyrick*
Charles A. Beckham, Jr. (TX #02016600)
Ian T. Peck (TX #24013306)
Martha Wyrick (TX #24101606)
2801 N. Harwood Street, Ste. 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Email:  charles.beckham@haynesboone.com
         ian.peck@haynesboone.com
         martha.wyrick@haynesboone.com

**JENNER & BLOCK LLP**

Vincent E. Lazar (admitted *pro hac vice*)
Derek L. Wright (admitted *pro hac vice*)
Angela M. Allen (admitted *pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email:  vlazar@jenner.com
         dwright@jenner.com
         aallen@jenner.com

*Counsel to the Debtors and
Debtors in Possession*

**BONDS ELLIS EPPICH SCHAFER JONES LLP**

*/s/ Eric T. Haitz*
Eric T. Haitz (TX #24101851)
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
Telephone: (817) 405-6900
Facsimile:  (817) 405-6902
Email: eric.haitz@bondsellis.com

*Counsel to the Estate of Dylan Calabrese*